Curia, per Frost, J.
The jury found for the plaintiff one-third of the gross income of the Ferry, from the time the cause of action accrued, to the trial. This is the full extent of the plaintiff’s just claim. The only question which it is necessary to decide is, whether, in this action, the plaintiff can recover more than his share of the income of the Ferry, which the defendant received before the commencement of the suit. In Pepoon v. Clark, which was an' action of ravishment of ward, to establish the freedom of a slave, by the verdict, hire was allowed to the time of trial. Johnson, J., delivering the opinion of the court, says, “ whenever the injury is in its nature continuous, there can be no question that the party injured is entitled to recover for all damages previous to the trial. If it were otherwise, for injuries of this character the action must be brought for every hour of its continuance; or the remedy would not be adequate, and thus create that multiplicity of actions which the law so much abhors.” This rule governs other forms,of action. In trespass to try title, in trover, in assumpsit on interest-bearing demands, damages are recovered to the time of trial. A different rule might be adopted, but it would be arbitrary. The only difference would be that if damages, after the commencement of the action, cannot be recovered, a second suit would be necessary; but if they are allowed to the time of trial, a complete remedy is afforded by the judgment for all the previous injury which the plaintiff had sustained. The case of Duncan ads. Markley is not in conflict with Pepoon v. Clarke. There the defendant put a dam across a navigable creek ; which was a public nuisance. In consequence, the plaintiff sustained some special injuries to his mill, for which the action was brought. Evidence was admitted of such injuries after the commencement of the suit. A new trial was granted, because there was no necessary connexion between the injuries sustained before and after the action was brought. For the public nuisance, which was continued, the plaintiff had no action, but only for any particular injury he had suffered.
By the. Act of 1827 every charter of a bridge, ferry or turn *29 pike road shall be in fee simple, and shall be held by the grantees, as real estate. The plaintiff is tenant in common with the defendant, of the Ferry. By the Statute 4 Ann, c. 16, actions of account may be maintained by one tenant in common against the others, as bailiff, for receiving more than comes to his share and proportion: In a writ of account, the first judgment is, quod computet; and on such áccount all articles of account, though incurred since the writ, shall be included, and the whole brought down to the time when the auditors make an end of the account. By the Statute of Gloucester, damages are given in real actions, on a writ of entry to recover the specific lands. The Statute gives damages generally, without saying till that time; yet the construction on it has been, that they shall compute all the damages which have arisen pendente lite. W here a man is accountable for money or goods, case lies against him, or account, at his election.
The motion is dismissed.
Evans, Wardlaw, and Withers, JJ. concurred.

Motion refused.